UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACK J. CARTER,<br><br>                    Plaintiff,<br><br>        v.<br><br>KING COUNTY JAIL HEALTH SERVICES,<br><br>                    Defendant. | CASE NO. C22-1612-RSL-SKV<br><br>REPORT AND RECOMMENDATION |

## I.   INTRODUCTION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Jack Carter has been granted leave to proceed with this action *in forma pauperis*.  Service has not been ordered.  This Court, having reviewed Plaintiff's second amended complaint, and the balance of the record, recommends that Plaintiff's second amended complaint and this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state any claim upon which relief may be granted.

## II.   BACKGROUND

Plaintiff presented this action to the Court for filing on November 9, 2022, while he was confined at the King County Jail ("the Jail") in Seattle, Washington.  *See* Dkt. 1.  The claims

REPORT AND RECOMMENDATION
PAGE - 1

1 alleged in Plaintiff's original complaint were difficult to understand, but they appeared to relate
2 to medications Plaintiff had been prescribed for his mental health conditions and/or to the
3 accuracy of his medication records. *See* Dkt. 9 at 4-7. Mr. Carter identified himself in the
4 complaint as both the Plaintiff and the Defendant, though there was some suggestion in the
5 pleading that King County might be the intended Defendant. *See id*. at 1, 3. Plaintiff's request
6 for relief consisted of a partial sentence that appeared to relate to the filing of discovery requests
7 and did not explain what Plaintiff would like the Court to do for him in this action. *See id*. at 9.

8 After reviewing Plaintiff's complaint, this Court concluded that the pleading was
9 deficient in various ways and, thus, on December 20, 2022, the Court issued an Order declining
10 to serve Plaintiff's complaint and granting him leave to file an amended complaint. Dkt. 10. In
11 that Order, the Court set forth the general pleading requirements for a civil action, and the
12 specific standard applicable to claims asserted under § 1983. *Id*. at 2-3. The Court then advised
13 Plaintiff that his complaint was deficient because it did not comply in any respect with the
14 requisite pleading standards. *Id*. at 3. The Court explained, more specifically, that Plaintiff's
15 complaint did not clearly identify the intended Defendant(s), it did not contain a clear statement
16 of the claims upon which Plaintiff intended to seek relief, and it contained no identifiable request
17 for relief. *Id*.

18 Plaintiff filed a timely amended complaint on January 5, 2023, in which he identified
19 two claims for relief. Dkt. 11. Plaintiff alleged in the first count of his amended pleading that he
20 was denied adequate medical care when King County Jail Health Services advised him that a
21 medication he had been taking at home, prior to his booking into the Jail in July 2022, would not
22 be restarted. *Id*. at 4-5. Plaintiff claimed that he suffered "multiple mental breakdowns" as a
23 result of not having the medication, and that the lack of medication caused his anger and

REPORT AND RECOMMENDATION
PAGE - 2

aggression issues to worsen, which led to fights with other inmates and placement in administrative segregation.  *Id*. at 5.

Plaintiff alleged in the second count of his amended complaint that he was subjected to cruel and unusual punishment when he was placed in administrative segregation on multiple occasions as a result of "losing [his] cool" or "being [too] aggressive," which he suggested would not have happened if he had been given his medication.  Dkt. 11 at 6.  Plaintiff asserted that he had been punished for asking for help with his mental issues.  *Id*.  Plaintiff identified King County Jail Health Services as the lone Defendant in his amended pleading, and he requested monetary damages in the amount of $1 million.  *Id*. at 1, 3, 9.

After reviewing Plaintiff's amended complaint, the Court concluded that though Plaintiff had clearly attempted to correct the deficiencies previously identified by the Court, his pleading remained deficient.  Thus, on January 17, 2023, the Court issued an Order declining to serve Plaintiff's amended complaint and granting him leave to file a second amended complaint.  Dkt. 12.  In that Order, the Court explained that King County Jail Health Services was an entity of King County and, as such, was not a proper defendant in this action.  *Id*. at 6.  The Court went on to explain that Plaintiff could pursue a claim against King County, but this would require that he specifically identify the County as a defendant and that he clearly identify the custom or policy of the County that he believed had caused him harm.  *Id*.

The Court also explained that Plaintiff could pursue claims against individual members of the Jail Health Services staff, but this would require that he specifically identify the individuals involved in his care, identify each individual's alleged unconstitutional conduct, and allege clear and specific facts demonstrating that each named individual had personally participated in

REPORT AND RECOMMENDATION
PAGE - 3

causing him harm of federal constitutional dimension. Dkt. 12 at 6. Plaintiff was specifically advised that this action could not proceed absent a viable defendant. *Id*.

The Court went on to note that Plaintiff's claims appeared to challenge the adequacy of the medical care he had received at the Jail as well as the conditions under which he was confined, and the Court set out the standard Plaintiff would have to meet in order to pursue such claims. Dkt. 12 at 6-7. The Court then explained that the facts alleged in the amended complaint lacked sufficient detail to demonstrate that Plaintiff had suffered any violation of his federal constitutional rights under the applicable standard. *Id*. at 8.

The copy of the Court's Order declining to serve the amended complaint, which was mailed to Plaintiff at his address of record, *i.e.*, the Jail, was returned to the Court on January 25, 2023, with a notation indicating that Plaintiff was no longer there. *See* Dkt. 13. On February 9, 2013, Plaintiff came in person to this Court and submitted a notice of change of address to the Clerk's Office. *See* Dkt. 14 and Clerk's docket notation dated 2/9/2023. Plaintiff was, in turn, provided a copy of the Court's Order declining to serve his amended complaint as well as a blank § 1983 prisoner civil rights complaint form. *See* Clerk's docket notation dated 2/9/2023.

On February 22, 2023, Plaintiff filed a second amended complaint.[1] Dkt. 15. Plaintiff alleges therein claims similar to those alleged in his amended complaint, and he identified the same lone Defendant, *i.e.*, King County Jail Health Services. *See id*. Plaintiff once again requested as relief $1 million in damages. *Id*. at 9. As will be explained further below,

---

[1] Plaintiff's second amended complaint was technically untimely because it was not filed within thirty days of the date on which the Court issued its Order declining to serve Plaintiff's amended complaint. *See* Dkt. 12 at 8-9. The Court has nonetheless accepted Plaintiff's second amended complaint for filing and has reviewed the pleading to assess whether it adequately cures the deficiencies previously identified by the Court.

REPORT AND RECOMMENDATION
PAGE - 4

Plaintiff's second amended complaint fails to correct the previously identified deficiencies and, thus, does not adequately state any claim upon which relief may be granted.

### III.   DISCUSSION

As Plaintiff was previously advised, in order for a pleading to state a claim for relief it must, among other things, contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative acts, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id.* at 691. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

Plaintiff's second amended complaint fails to meet these standards. As the Court explained in its Order declining to serve Plaintiff's amended complaint, King County Jail Health Services is not a proper defendant in this action. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883 (1990) ("in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued"). Plaintiff makes no effort to identify a viable defendant in his second amended complaint despite having been advised in the Court's prior Order of how to go about doing so. *See* Dkt. 12 at 6. Even liberally construing Plaintiff's second amended complaint as attempting to assert a claim against King County itself, rather than the non-suable entity King County Jail Health Services, Plaintiff has not clearly identified any policy or custom of King County that caused his injury, and the facts alleged are too vague and conclusory to state any plausible claim for relief.

## IV.   CONCLUSION

Because Plaintiff fails to identify any viable defendant or to allege any plausible claim for relief in his second amended complaint, this Court recommends that Plaintiff's second amended complaint and this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. A proposed Order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION
PAGE - 6

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on *March 31, 2023*.

DATED this 8th day of March, 2023.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge